UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>David Cherry</u>

    v.                    Civil No. 18-cv-565-SM

<u>Helen Hanks, Commissioner, New Department of Corrections et al.</u>[1]

**REPORT AND RECOMMENDATION**

    Plaintiff David Cherry, an inmate presently incarcerated at the Rockingham County Department of Corrections, has filed this action, pursuant to 42 U.S.C. § 1983, alleging that the defendants, employees of the New Hampshire Department of Corrections ("DOC"), violated his constitutional rights while he was incarcerated at the New Hampshire State Prison ("NHSP"). Cherry seeks monetary damages and an order directing the defendants to either transfer Cherry out of the NHSP to another incarcerative facility, or to place him on GPS monitoring, and further that Cherry not be returned to the NHSP. The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a) and LR 4.3(d)(1).

---

    [1]The plaintiff identifies the following defendants to this action in the caption and/or narrative of the complaint (Doc. No. 1): New Hampshire Department of Corrections ("DOC") Commissioner Helen Hanks; DOC Classifications Administrator Sarah Provencher; New Hampshire State Prison ("NHSP") Chief of Security Jon H. Fouts;(former) NHSP Warden Michael A. Zenk.

**Background**

Cherry asserts that on February 18, 2018, while housed in the NHSP's Medium Custody South Unit ("MCS"), he was seriously injured when he was assaulted with a weapon by another inmate, Samuel Hill. Cherry states that the assault occurred in a "blind spot" at MCS in that the area was not visible to officers due to a lack of video monitoring cameras.

Cherry asserts that the defendants moved him from protective custody to MCS on February 1, 2018. Cherry alleges that DOC Classifications Administrator Sarah Provencher, NHSP Chief of Security Jon Fouts, NHSP Warden Michael Zenk, and DOC Commissioner Helen Hanks knew that Cherry was at a substantial risk of serious harm in general population, and disregarded that risk in placing him in South Unit. Specifically, Cherry alleges that the defendants were aware, prior to the February 18 assault, that Cherry was at risk of physical harm from other inmates because: Cherry had a number of "keep aways," which are DOC directives that Cherry should be kept separate from particular inmates; Cherry had been in protective custody until eighteen days prior to being assaulted; Cherry had advised prison officials numerous times of his "status as a 'snitch,'" and the officials had reason to believe that Cherry's "snitch" status was "known around the prison"; that inmates against whom Cherry had testified were incarcerated at the NHSP in February

2018; and that MCS contained areas not visible to officers or video cameras at the time Cherry was placed there.

**Discussion**

I.  Preliminary Review

   A.  Standard

The court may dismiss claims asserted in a complaint filed in forma pauperis, if the court lacks jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

   B.  Eighth Amendment and Negligence Claims

The Eighth Amendment protects inmates from cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison officials

3

have a duty to "take reasonable measures to guarantee the safety of the inmates," which includes "'a duty to protect prisoners from violence at the hands of other prisoners.'" Lakin v. Barnhart, 728 F.3d 66, 70 (1st Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)).  To establish unconstitutional endangerment, an inmate must assert acts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety.  Id. at 834.

"A 'substantial risk' is one that is 'objectively intolerable.'"  Jones v. Higgins-O'Brien, 2018 WL 935421, at *5 (D. Mass. Feb. 16, 2018) (quoting Farmer, 511 U.S. at 846).  A substantial risk exists if "there was a strong likelihood that violence would occur."  Purvis v. Ponte, 929 F.2d 822, 825 (1st Cir. 1991).  Further, the plaintiff must assert facts to demonstrate that the defendants were subjectively aware of "facts from which the inference could be drawn that a substantial risk of serious harm exists," and that the defendants "dr[e]w the inference."  Mosher v. Nelson, 589 F.3d 488, 494 (1st Cir. 2009) (internal citations and quotation marks omitted).

The court finds that Cherry has stated sufficient facts to allow Eighth Amendment and common law negligence claims to

4

proceed against the defendants for endangerment and failure to protect Cherry from harm. Accordingly, in an Order issued simultaneously with this Report and Recommendation, the court directs that the complaint be served upon defendants Hanks, Provencher, Fouts, and Zenk.

## II.   Preliminary Injunctive Relief

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted); see also March v. Mills, 867 F.3d 46, 52-53 (1st Cir. 2017), cert. denied, 138 S. Ct. 1545 (2018). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

In his complaint, Cherry seeks a court order directing the defendants to transfer him out of the NHSP to another incarcerative facility, or to release him to the community on GPS monitoring, and not to return him to the NHSP. Since filing his complaint, Cherry has notified the court that he has been transferred to the RCDC. Nothing in the record presently before

the court indicates that Cherry is at risk of being returned to the NHSP in the foreseeable future.

Cherry has obtained the relief he sought in his request for an injunction, and has therefore failed to meet his burden to demonstrate that he will suffer irreparable harm in the absence of the court's issuance of the requested injunction. Accordingly, the district judge should dismiss Cherry's claims for injunctive relief as moot, without prejudice to Cherry's ability to renew his request in the future if circumstances warrant.

## Conclusion

For the foregoing reasons, the district judge should deny Cherry's request for preliminary injunctive relief.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 20, 2018

cc: David Cherry, pro se