**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

David M. Cherry

      v.                                     Case No. 18-cv-565-SM

Helen E. Hanks, Commissioner,
New Hampshire Department of
Corrections et al.[1]


**REPORT AND RECOMMENDATION**

David Cherry, a former inmate at the New Hampshire State
Prison ("NHSP") has filed this action, pursuant to 42 U.S.C. §
1983, asserting that defendants violated his Eighth Amendment
right to be free from cruel and unusual punishment, and are
liable for negligence under state law, by failing to protect him
from harm.  Specifically, this action arises from Cherry's
allegation that the defendant prison officials, aware that
Cherry had safety concerns at the prison, due to, among other
things, Cherry's well-known status as a "snitch," transferred
him from protective custody to a general population housing
unit.  As a result, Cherry alleges, he was assaulted and
seriously injured by another inmate.

---

[1]Plaintiff names the following defendants to this action:
Helen E. Hanks, Commissioner, New Hampshire Department of
Corrections ("DOC"); Sarah M. Provencher, DOC Classifications
Administrator; Jon H. Fouts, Chief of Security, New Hampshire
State Prison ("NHSP"); and Michael A. Zenk, (former) Warden,
NHSP.

Before this magistrate judge for a Report and Recommendation is the defendants' motion to dismiss (Doc. No. 18). Plaintiff objected to the motion, see Doc. Nos. 19, 20, and the defendants filed a response (Doc. No. 21) to his objections.

## Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), the court must "'accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff's] favor.'" Lemelson v. Bloomberg L.P., 903 F.3d 19, 23 (1st Cir. 2018) (citation omitted). Then, when focusing "on the non-speculative, non-conclusory facts and reasonable inferences implied by those facts, [the court must] ask whether it is plausible, as opposed to merely possible, that [the] plaintiff's complaint narrates a claim for relief." Lemelson, 903 F.3d at 23 (citation omitted). Applying this standard, the court relies on the following facts, drawn from plaintiff's complaint.

## Background

In February 2018, Cherry was incarcerated at the NHSP. Also incarcerated at that facility, at that time, were several

men against whom Cherry had testified at a 2010 murder trial. Cherry states that he is widely regarded among the NHSP inmate population as an informer, or "snitch."

Before his incarceration at the NHSP commenced, Cherry sent letters and emails to the prison's Classification Office, and to the NHSP's Classifications Administrator, Sarah Provencher, informing that office that his safety would be at risk at the NHSP because of his 2010 testimony and his reputation as a "snitch." Once Cherry arrived at the NHSP, he used inmate request slips to advise prison officials of those risks to his safety.

The New Hampshire Department of Corrections ("DOC") has issued a number of directives (called "keep aways") directing that, for safety reasons, Cherry be kept separate from certain other inmates. Until February 1, 2018, Cherry was classified as a protective-custody inmate and was housed in a protective-custody unit. On that date, however, Provencher, NHSP security chief Jon Fouts, and former NHSP Warden Michael Zenk transferred Cherry into the general population. On February 18, Cherry was assaulted with a weapon by another inmate, Samuel Hill, in a blind spot in the recreation room in the South housing unit. Cherry states he suffered serious physical and psychological injuries in the assault.

**Discussion**

In his complaint, Cherry asserts that the defendants'
failure to protect him from harm at the hands of other inmates,
resulting in his being assaulted and physically injured,
violated Eighth Amendment rights and constituted negligence
under state law.  In their motion to dismiss, the defendants
argue that Cherry has failed to allege facts sufficient to
satisfy the "causation" element of either of those claims.


I.    Eighth Amendment Claim

Defendants argue that Cherry has failed to allege facts
that satisfy the causation element of his Eighth Amendment claim
because his

> Complaint does not offer any facts that show, or
> reasonably [imply], that his alleged assailant, Mr.
> Hill, was (a) among or associated with those inmates
> against whom Mr. Cherry testified in a murder case or
> (b) motivated by contempt for Mr. Cherry as a known
> snitch – rather than by some other circumstance (e.g.,
> the quarantine of aggressive individuals within prison
> walls, contraband drug dealing) that may account for
> inmate-on-inmate violence.

Defs.' Mot. to Dismiss (Doc. No. 18, at 4-5).

"Under the Eighth Amendment, 'prison officials have a duty
to protect prisoners from violence at the hands of other
prisoners.'"  Lakin v. Barnhart, 758 F.3d 66, 70 (1st Cir. 2014)
(quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)).  However,
"[n]ot 'every injury suffered by one prisoner at the hands of

another . . . translates into constitutional liability.'"

Lakin, 758 F.3d at 70 (quoting Farmer, 511 U.S. at 834).

> [A] prison official violates an inmate's Eighth
> Amendment right against cruel and unusual punishment
> "based on a failure to prevent harm" to the inmate
> only under two circumstances: "the inmate must show
> that he is incarcerated under conditions posing a
> substantial risk of serious harm," and the prison
> official must have acted, or failed to act, with
> "deliberate indifference to inmate health or safety."

Id. To act with deliberate indifference, a prison "official
must both be aware of facts from which the inference could be
drawn that a substantial risk of serious harm exists, and he
must also draw the inference." Farmer, 511 U.S. at 837.

Defendants cite several cases for the proposition that an
Eighth Amendment failure-to-protect claim has a third element,
i.e., causation. See, e.g., Bistrian v. Levi, 696 F.3d 352, 367
(3d Cir. 2012); Hale v. Tallapoosa Cty., 50 F.3d 1579, 1583
(11th Cir. 1995). Specifically, defendants argue that
plaintiff's Eighth Amendment claim is insufficiently stated,
based on plaintiff's failure to allege that Hill: (1) had any
connection to the inmates against whom Cherry had testified; or
(2) harbored any animus toward Cherry as a snitch. However,
there is no support for such a formulation in Farmer or the
relevant decisions of the First Circuit. See, e.g., Lakin, 758
F.3d at 70; Burrell v. Hampshire Cty., 307 F.3d 1, 7-8 (1st Cir.
2002); Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999).

This court is constrained to follow the First Circuit when determining whether the plaintiff has asserted facts sufficient to state a claim at this stage of the proceedings.

To state an Eighth Amendment claim for failure to protect, Cherry need not demonstrate that the defendants were aware that a particular individual posed a substantial risk to Cherry for a particular reason. See Farmer, 511 U.S. at 843 ("[A] prison official [cannot] escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault."); Calderón-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 65 (1st Cir. 2002) (to state an Eighth Amendment failure to protect claim upon which relief might be granted, plaintiff need not allege that defendants had "knowledge that a specific harm would befall the [plaintiff]," where complaint established that defendant prison officials had "knowledge of facts from which [they could] draw the inference that a substantial risk of serious harm exists."). Here, plaintiff has alleged that he had a prison-wide reputation as a snitch, and there can be no serious dispute over the proposition that in a prison, snitches are "an identifiable group . . . who are frequently singled out for violent attack by other inmates." Id.; see also Bistrian, 696 F.3d at 371 ("Given prisoners'

6

attitudes about 'snitches,' it is reasonable to infer that
placing [a snitch] in a locked recreation pen with any violent
inmates, not only those he specifically cooperated against,
created a substantial risk of serious harm."). Thus, plaintiff
did not need to make specific allegations in his complaint that:
1) the defendants knew that there was a specific risk that Hill
himself was going to assault plaintiff, and 2) the particular
reason Hill assaulted him, to state an Eighth Amendment claim.

Moreover, even if the Cherry were required to allege facts
to allow the court to support a causal link between the
defendants' acts and the harm alleged to have resulted
therefrom, the facts in the complaint are sufficient to do so at
this stage of the proceedings. Cherry states that the
defendants were aware that there was a risk to Cherry's safety
in general population, but disregarded the risk by placing him
in a general population unit, on which another inmate had
sufficient access to Cherry to assault him and cause him serious
injury, outside the view of corrections officers and
surveillance video cameras. Those facts themselves support a
reasonable inference of causation. Further, those assertions
are sufficient to demonstrate that discovery in this case might
be reasonably expected to produce additional evidence concerning
Hill's motivations and the defendants' awareness thereof.
Accordingly, Cherry has stated sufficient facts to assert an

Eighth Amendment claim upon which relief might be granted, and as to that claim, the district judge should deny defendants' motion to dismiss.

II.    Negligence

Causation is an element of Cherry's state law negligence claim.  "To state a claim for negligence, [Plaintiff] must allege that (1) a defendant owed him a duty, (2) the defendant breached this duty, and (3) the breach proximately caused his injuries."  Wight v. D'Amante Pellerin Assocs., No. 18-CV-812-PB, 2018 DNH 230, 2018 U.S. Dist. LEXIS 2000072, at *12, 2018 WL 6188363, at *5 (D.N.H. Nov. 27, 2018) (internal quotation marks and citation omitted).  For reasons stated above, Cherry has stated sufficient facts to state a negligence claim against the defendants upon which relief might be granted.  Accordingly, the district judge should deny the defendants' motion to dismiss as to Cherry's negligence claim.

## Conclusion

For the reasons detailed above, the district judge should deny the defendants' motion to dismiss (Doc. No. 18).  Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The 14-day period may be extended upon motion.

Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order.   See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                        Andrea K. Johnstone
                                        United States Magistrate Judge

May 10, 2019

cc:   David Cherry, pro se
      Lawrence Edelman, Esq.
      Seth Michael Zoracki, Esq.