UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>David Cherry</u>

    v.                                    Case No. 18-cv-565-SM

<u>New Hampshire Department of
Corrections Commissioner
Helen Hanks et al.</u>

### REPORT AND RECOMMENDATION

David Cherry, a current inmate at the New Hampshire State Prison ("NHSP"), has moved to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Because the defendants[1] have not shown that such dismissal would unfairly prejudice them, the court recommends that the district judge grant Cherry's motion.

### I. BACKGROUND

Cherry filed this action, pursuant to 42 U.S.C. § 1983, in June 2018. The complaint asserts that the defendants violated Cherry's Eighth Amendment right to be free from cruel and unusual punishment, and are liable for negligence under state law, by failing to protect him from harm while he was

---

[1] The defendants are Helen E. Hanks, Commissioner, New Hampshire Department of Corrections ("DOC"); Sarah M. Provencher, DOC Classifications Administrator; Jon H. Fouts, Chief of Security, NHSP; and Michael A. Zenk, (former) Warden, NHSP.

incarcerated at the NHSP. After the claims passed muster under preliminary review, see LR 4.3(d)(1), the defendants moved to dismiss for failure to state a claim upon which relief can be granted. The court denied their motion, and the defendants answered the complaint, in June 2019.

The following month, the court held a preliminary pretrial conference. With the parties' consent, the court bifurcated discovery and summary judgment to focus first on the potentially dispositive issue of exhaustion of the administrative remedies required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Discovery for this phase of the litigation is scheduled to close on February 15, 2020, with the defendants' summary judgment motion due on April 1, 2020.

On October 29, 2019, Cherry filed the instant motion to voluntarily dismiss his suit. See Doc. No. 38. The defendants partially objected on the ground that any dismissal should be with prejudice. See Doc. No. 39. According to the defendants' Statement on Status of Discovery filed on December 17, 2019, thus far they have produced "all of the inmate request forms, grievance forms, and disciplinary records pertinent to the pending claims in this case." Doc. No. 41 at 1. The defendants state that, in light of the instant motion, a scheduled deposition of Cherry was cancelled, and no further discovery has taken place. Id.

## II.  STANDARD OF REVIEW

Where the defendants have answered the complaint or moved for summary judgment, and not all parties stipulate to the dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  Except when the court's order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.  Id.  Therefore, "dismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice.'"  Colón Cabrera v. Esso Std. Oil. Co. (P.R.), 723 F.3d 82, 87 (1st Cir. 2013) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)).  "The mere prospect of a second lawsuit does not constitute such prejudice."  Id. (citing Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000)); see also Cason v. P.R. Elec. Power Auth., 770 F.3d 971, 976 (1st Cir. 2014) ("[A] district court should grant a motion for voluntary dismissal unless a defendant can show that it would suffer some plain legal prejudice as a result thereof, as opposed to facing the mere prospect of a second lawsuit.").

The factors that courts consider in determining whether dismissal without prejudice is warranted include: (1) the defendant's efforts and expenses incurred in the litigation; (2) excessive delay and lack of diligence by the plaintiff in

3

prosecuting the action; (3) the legitimacy of the explanation given for the need to take a dismissal; and (4) whether the defendant filed a motion for summary judgment. Colón Cabrera, 723 F.3d at 88; Doe, 216 F.3d at 160. But there is no "mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate." Doe, 216 F.3d at 160 (internal quotation marks omitted). Rather, the factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." Id. (internal quotation marks omitted).

### III. ANALYSIS

The key issue is whether the defendants would suffer legal prejudice if Cherry is allowed to voluntarily dismiss this action. Analyzing the relevant factors, the court finds no such prejudice here.

First, the court is not persuaded that the defendants expended significant resources so far to litigate this case. Although the case was filed over 18 months ago, the litigation is still at an early stage. Cherry moved for voluntary dismissal three and a half months before the close of discovery in phase one of the action, and five months before the defendants' deadline to file for summary judgment on the issue of PLRA exhaustion. The discovery completed thus far has been limited to a document production by the defendants, with the single scheduled deposition cancelled in light of the pendency

4

of the instant motion. The record, therefore, suggests that the defendants have not invested a considerable amount of time and resources defending this case to date, which weighs in favor of dismissal without prejudice.

Second, a review of the docket fails to reveal any evidence to suggest that Cherry has been dilatory or unreasonable in the conduct of the case. And the defendants do not argue otherwise.

Third, although Cherry has not proffered a reason for seeking dismissal, his recent filing suggests that he is currently living in transitional housing and understandably needs to focus on his reentry into society following incarceration. See Doc. No. 42. Certainly, the court finds no reason to suspect that the instant motion was filed for an improper purpose. For example, there is no potential for an imminent adverse ruling that Cherry might be seeking to avoid. See Colón Cabrera, 723 F.3d at 88. Therefore, this factor is neutral, at worst, and at best, favors dismissal without prejudice.

Fourth, Cherry sought dismissal before the defendants incurred the cost of filing a summary judgment motion. In fact, the deadline for summary judgment is still months away.

In sum, this is not a case in which the plaintiff proposes "to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling." Colón Cabrera, 723

F.3d at 88. Although the defendants claim they have already invested "substantial time and resources" in the litigation, Doc. No. 39 at 1, those efforts do not appear extraordinary given the early stage of the case. Therefore, the relevant factors, taken together, support dismissal without prejudice.

### IV. CONCLUSION

In light of the factors identified by the First Circuit in Doe, 216 F.3d at 160, and given the totality of the circumstances of this case, it is appropriate to grant Cherry's motion to dismiss without prejudice (Doc. No. 38).

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The 14-day period may be extended upon motion. Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

January 21, 2020

cc:   David Cherry, pro se
      Lawrence Edelman, Esq.
      Seth Michael Zoracki, Esq.

6